Learned, P. J.
This is an action for limited divorce. An order was made in November, 1889, for thirty dollars per month alimony, by Justice Fish, together with $250 for counsel fees. An order was made in January, 1891, for an increase to fifty dollars per month and for further counsel fee of $100. From that part which allows additional alimony the defendant appeals.
There is no doubt of the power of the court to increase the alimony. .But an increase should not be granted unless new facts are shown which did not exist or were not known to the applicant when the former order was made. Otherwise the application becomes practically an appeal to another justice from the discretion exercised by the justice who granted the former order. In the former order in this present case the plaintiff asked for fifty dollai’s per month, but the justice held that thirty dollars would bs sufficient.
The affidavits on which the "second order was granted are those *479 of the plaintiff and of her attorney. The latter only touches the question of counsel fee, which is not before us.
Looking, then, at the affidavit of the plaintiff, we find no facts stated which show any change of condition since the first order, except that defendant has repaid to plaintiff $3,000, property belonging to her. She states that she is in debt and needs clothing for herself and her child, and that she is unable to support herself out of the allowance. But assuming, as we must, that the alimony granted by Judge Fish was proper and sufficient at that time, no subsequent facts are shown to justify the increase. Indeed the possession of $3,000 has enabled the plaintiff, to some degree, to support herself.
We think that no additional alimony should be granted in such cases except on clear evidence that new or previously unknown facts require it
The part of the order appealed from is reversed, without costs to either party.
Landon and Mayham, JJ., concur.